# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02570-STV

DARNELL PITTMAN, SR.,

    Applicant,

v.

JACK FOX,

    Respondent.

## MINUTE ORDER

Entered By Magistrate Judge Scott T. Varholak

This matter is before the Court upon the Court's review of the parties' briefing on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Application"). [#1, 28, 42] The parties have consented to this Court's jurisdiction over this case for all purposes, including the entry of judgment. [#24-26] For the reasons stated below, the Court SETS this matter for an Evidentiary Hearing and APPOINTS counsel to represent Applicant.

### I.    BACKGROUND

On October 21, 2015, Applicant was issued a Prison Misconduct Report, in which Applicant was accused of violating Code 297 (use of the telephone for abuses other than criminal activity),[1] based upon another inmate's use of Applicant's pin number to

---

[1] Code 297 prohibits "[u]se of the telephone for abuses other than illegal activity which circumvent the ability of staff to monitor frequency of telephone use, content of the call, or the number called; or to commit or further a High category prohibited act." 28 C.F.R. § 541.3 (2015).

make a telephone call.[2] [#1 at 2-3] That inmate, D. Miller, used several other inmates' pin numbers, in addition to Applicant's, to make telephone calls. [*Id.*] On October 27, 2015, Applicant was brought before the prison unit disciplinary committee chairman and informed that the alleged violation was being referred to a discipline hearing officer ("DHO"). [#1 at 3; #42 at 2, 15] At this meeting, Applicant was notified of the rights that would be afforded to him at the disciplinary hearing and signed an Inmate Rights at Discipline Hearing form that identified those rights, including "[t]he right to have a full-time member of the staff . . . to represent [him] before the Discipline Hearing Officer" and "[t]he right to call witnesses." [#42 at 2, 16] Applicant also signed a Notice of Discipline Hearing Before the DHO form (the "Notice Form") during the meeting, on which he indicated that he both "wish[ed] to have a staff representative" and "wish[ed] to have witnesses" at the disciplinary hearing. [*Id.* at 2, 15] Applicant expressly identified Mr. Miller as the witness he wished to call at the hearing, stating that Mr. Miller could testify that Applicant did not give Mr. Miller access to his pin number. [*Id.* at 15]

On November 3, 2015, the DHO removed Applicant from his assigned cell in the special housing unit ("SHU") and brought him to an empty cell to conduct the

---

[2] Applicant contends that, although the charging document referred to the use of Applicant's "pin" number, the phone system actually is accessed by the use of an inmate's nine-digit "PAC" number rather than the inmate's four-digit "pin" number. [#1 at 3 n.1] Applicant, however, does not dispute that his access code for the inmate phone system—whether called a "pin" number or "PAC" number—was used by the other inmate to place a call. The distinction between a "pin" number and "PAC" number thus is immaterial to the resolution of the Application, and the Court refers to the access code as a "pin number" herein for purposes of consistency with the disciplinary records.

2

disciplinary hearing.[3]  [#1 at 3-4]  Applicant contends that he informed the DHO that he had not yet had an opportunity to meet with his staff representative to prepare his defense and that he was not "willing to go forth with such hearing until he's appointed a staff rep[resentative], and allowed to call his witness."  [*Id.* at 4-5]  Applicant claims that the DHO ignored his concerns and found him guilty of phone abuse as charged.  [*Id.* at 5]  As a result of the finding of guilt, the DHO suspended Applicant's telephone privileges for 90 days and disallowed 27 days of good conduct time.  [#28-3 at 2]  Following unsuccessful administrative appeals of the DHO's decision [#1 at 6], Applicant filed the instant Application on October 14, 2016.  [#1]

In response to the Application, Respondent contends that, although Applicant initially requested a staff representative and to call a witness, he subsequently waived those rights.[4]  [#28 at 5]  In support, Respondent points to the Discipline Hearing Officer Report (the "DHO Report"), which states "[Applicant] initially requested a witness and a staff representative but waived that right at the time of the hearing.  [Applicant] stated to

---

[3] Applicant was placed in the SHU on September 19, 2015 while under investigation for an incident unrelated to this Application.  [#1 at 2]

[4] The remainder of the Response does not appear tailored to the Application in this case.  Respondent does not specifically address Applicant's constitutional claim based upon the denial of a staff representative but rather speaks only to Applicant's "opportunity to present evidence in support of his defense."  [#28 at 4]  With regard to the denial of a witness, Respondent incorrectly contends that Applicant "does not identify any witness he was prohibited from calling."  [*Id.* at 4]  To the contrary, the Application expressly identifies Mr. Miller as the witness Applicant sought to call at the disciplinary hearing.  [#1 at 7]  The Notice Form *submitted by Respondent* with his Response also identifies Mr. Miller as the witness Applicant wished to have testify.  [#28-3 at 7; *see also* #42 at 15]  Finally, the Response argues that the DHO's decision was supported by "some evidence" in compliance with due process requirements [#28 at 5-6], but Applicant has not raised a challenge to the sufficiency of the evidence supporting the DHO's decision [#42 at 11].

3

the DHO that [he] w[as] ready to proceed with the hearing." [#28-3 at 2]  Respondent also submitted a declaration from the hearing officer stating that Applicant waived his right to a staff representative and to call a witness.  [#28-1 at ¶¶ 8-9]  Respondent further submitted a version of the Notice Form signed by Applicant on October 27, 2015 that includes a handwritten statement at the bottom stating "I request to waive my staff rep and witness" followed by a signature.  [#28-3 at 7]

In his Reply, Applicant denies that he ever waived his right to a staff representative or to call a witness.  [#42 at 3, 11]  Applicant further contends that he never agreed to go forward with the hearing in the absence of a staff representative or without calling Mr. Miller as a witness.  [*Id.*]

## II. LEGAL STANDARD

"It is well settled that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment."  *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996) (internal quotations omitted).  The Supreme Court has acknowledged, however, that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  Applying this guidance, the Supreme Court has held:

> [w]here a prison disciplinary hearing may result in the loss of good time credits . . . the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

4

*Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). Although a prisoner does not have a general constitutional right to have a staff representative at a disciplinary hearing, "due process requires that inmates be provided with the aid of a staff representative [ ] where the inmate is illiterate or 'the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case.'" *Jordan v. Wiley*, No. 06-CV-02090-WYD, 2009 WL 1698509, at *9 (D. Colo. June 17, 2009), aff'd, 411 F. App'x 201 (10th Cir. 2011) (quoting *Wolff*, 418 U.S. at 570).

"[I]n addition to [these] requirements, revocation of good-time credits does not comport with the minimum requirements of procedural due process, unless the findings are supported by some evidence in the record." *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Violations of these due process requirements are subject to harmless error review. *See Brennan v. United States*, 646 F. App'x 662, 666 (10th Cir. 2016), *cert. denied sub nom.*, 137 S. Ct. 695 (2017), *reh'g denied sub nom.*, 137 S. Ct. 1453 (2017) (applying harmless error review to notice requirement upon "[s]eeing no reason why one *Wolff* requirement would be subject to harmless error review and another would not"); *Grossman v. Bruce*, 447 F.3d 801, 805 (10th Cir. 2006) (holding that "errors made by prison officials in denying witness testimony at official hearings are subject to harmless error review").

A habeas petitioner "is entitled to receive an evidentiary hearing so long as his allegations, if true and if not contravened by the existing factual record, would entitle him to habeas relief." *Miller v. Champion*, 161 F.3d 1249, 1253 (10th Cir. 1998). "The

purpose of an evidentiary hearing is to resolve conflicting evidence." *Anderson v. Att'y Gen. of Kan.*, 425 F.3d 853, 860 (10th Cir. 2005).

## III. ANALYSIS

Applicant contends that he is entitled to habeas relief, because he was denied the right to have a staff representative for the disciplinary hearing and because he was not allowed to call Mr. Miller as a witness. It is undisputed that Applicant did not have a staff representative at the hearing and that no witnesses testified at the hearing. The parties dispute, however, whether Applicant voluntarily waived his right to the staff representative and his right to call witnesses. The Court finds that it is unable to resolve this dispute on the current evidentiary record.

Applicant is adamant that he did not waive his right to a staff representative or to call Mr. Miller as a witness at the hearing. [#42 at 3, 11] Indeed, Applicant insists that he refused to go forward with the hearing in the absence of representation by a staff representative or the ability to call Mr. Miller as a witness. [*Id.*] Applicant's contentions are not clearly contravened by the existing factual record.

Although the DHO states in the DHO Report that Applicant initially requested a witness and a staff representative "but waived that right at the time of the hearing," the DHO Report was not signed by Applicant and there is no indication that he ever conceded to the accuracy of that statement. [#28-3 at 2] Moreover, the DHO's declaration submitted in this case contains contradictory statements regarding when and how the alleged waiver was obtained. [#28-1 at ¶ 8, 9] First, the DHO testifies that Applicant "waived having a staff representative and indicated he did not want to call any

6

witnesses" on October 27, 2015, when he was presented with the Notice Form. [*Id.* at 8] This testimony appears to be contradicted by the Notice Form itself, which clearly states that Applicant wishes to have a client representative and wishes to call Mr. Miller as a witness. [#42 at 15] The DHO next testifies that "Applicant had initially requested a witness and a staff representative, but waived that right at the time [he] conducted the DHO hearing." [#28-1 at ¶ 9] The DHO does not provide any information regarding how that waiver came about or in what form—oral or written—it was allegedly provided. [*Id.*]

Although Respondent submitted a version of the Notice Form that contains an undated handwritten statement that "I request to waive my staff rep. and witness," which is followed by a signature [#28-3 at 7], there is no evidence in the record authenticating this document or otherwise establishing that it contains Applicant's signature. Indeed, the handwritten statement and signature are nowhere mentioned either in the Response or in the DHO's declaration. [#28; #28-1] For his part, Applicant contends that he did not sign the waiver of rights on the Notice Form and contends that, to the extent it is alleged to be his signature, it was forged. [#42 at 9] In support of this contention, Applicant notes that the signature under the handwritten statement does not match his signature on the Notice Form itself or his signature on other documents in the record. [*See* #28-3 at 6, 7; #1 at 15] In addition, the version of the Notice Form submitted by Applicant does not contain the handwritten statement and signature. [#42 at 15]

The Court thus is unable to conclude on the current record whether or not a valid waiver of rights was obtained. To the extent a valid waiver was not obtained, the DHO's

7

decision to proceed with the disciplinary hearing without allowing Applicant to call Mr. Miller as a witness would constitute a violation of Applicant's due process rights.[5] *See Edwards*, 520 U.S. at 647 (finding exclusion of specific witness testimony to be "an obvious procedural defect"). Although an inmate generally does not have a constitutional right to a staff representative, due process requires the provision of a representative where the "complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case.'" *Wolff*, 418 U.S. at 570. Here, Applicant contends that the disciplinary charge raised complex issues [#42 at 6] and that he was unable to collect and present evidence without the assistance of a representative due to the restrictive conditions of confinement in the SHU [#1 at 10 n.2]. Respondent's Response fails to address whether, in the absence of a valid waiver, Applicant would have had a constitutional right to a staff representative under the circumstances present here. The Court need not resolve this issue at this stage, but questions whether the current factual record is sufficient on this issue. For example, no information has been provided to the Court with regard to the specific restrictions that were placed on Applicant's ability to prepare a defense while he was housed in the SHU.[6]

---

[5] In the Response, Respondent notes that the right to call witnesses is not absolute and may be circumscribed when permitting the witness to be called would "be unduly hazardous to institutional safety or correctional goals." [#28 at 4 (quoting *Wolff*, 418 U.S. at 566)] However, Respondent does not argue—and there is no evidence in the record to indicate—that obtaining the testimony of Mr. Miller would have jeopardized institutional safety or correctional goals.

[6] There is a split among the circuit courts with regard to whether the Due Process Clause of the Fourteenth Amendment requires the provision of a representative to help prepare a defense where the inmate's conditions of confinement significantly impair her

Nor can the Court conclude on the current record that any constitutional violation was harmless. Applicant maintains that he did not give Mr. Miller his pin number for use of the phone system and was not aware that Mr. Miller was using his pin number until he received the disciplinary charge. [#42 at 6; #23-3 at 1, 4, 7] The DHO based his decision on evidence that Mr. Miller had used Applicant's pin number to make telephone calls. [#28-3 at 2] There is no direct evidence in the record that Applicant provided Mr. Miller with his pin number. In the DHO Report, the DHO states that during a call using Applicant's pin number, Mr. Miller told the person he called "to put money on another inmate's account because he is running out of minutes."[7] [*Id.*; *see also* #28-3 at 13 (call summary stating "You know [redacted] 20 hits on his shit ($20) got no more minutes")] There is no indication, however, that Mr. Miller told anyone to put money on Applicant's account or that any money was ever placed on Applicant's account by someone connected to Mr. Miller. Indeed, the DHO acknowledges that Applicant, as he claims, may not have provided Mr. Miller with his pin number, but states that Applicant was

---

ability to prepare a defense. *Compare Eng v. Coughlin*, 858 F.2d 889, 898 (2d Cir. 1988) (finding "that for inmates disabled by confinement in SHU . . . the right to substantive assistance is an obligation imposed by the Due Process Clause of the Fourteenth Amendment") *with Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992) (limiting constitution right to representative to specific circumstances defined in *Wolff*). The Tenth Circuit has acknowledged this split, but has not addressed the substantive issue. *Freeman v. Carroll*, 506 F. App'x 694, 707 (10th Cir. 2012) (finding that law was not clearly established because neither Supreme Court nor Tenth Circuit had addressed the issue and the "two circuits that have addressed it are in conflict").

[7] In the Response, Respondent contends that Mr. Miller "told the third party [he called] that he was using other inmates' pin numbers and that the third party would need to deposit money for others." [#28 at 6] Respondent fails to provide a citation for this statement and, as indicated in the text above, the statement in the DHO Report does not support the contention that Mr. Miller told the third party to deposit money into multiple inmates' accounts.

responsible for the safe guarding of his pin number and Applicant "provided no evidence that [someone] got it without [his] knowledge."[8] [#28-3 at 2] It thus appears that the DHO may have drawn the conclusion that Applicant failed to safeguard his pin number from the mere fact that it was utilized by Mr. Miller.[9] Mr. Miller's testimony may have altered this conclusion. Applicant claims that Mr. Miller's testimony would have confirmed that Applicant did not provide him with his pin number and may have provided additional exculpatory information explaining how Mr. Miller was able to utilize Applicant's pin number without Applicant's knowledge or assistance. [#42 at 6, 15]

The Court thus concludes that it is necessary to set this matter for an evidentiary hearing to resolve the conflicting factual evidence and to more fully develop the factual record. Pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts,[10] "[i]f an evidentiary hearing is warranted, the judge must appoint

---

[8] In the DHO Report, without alteration, it states: "You provided no evidence that no one got it without your knowledge." [#28-3 at 2] The use of the double negative appears to be a typo; in his Declaration, the DHO clarifies that Applicant "provided no evidence that another inmate received Applicant's PIN without his knowledge." [#28-1 at ¶ 10]

[9] In his Declaration, the DHO states, "[a]s part of my consideration, I also took into account a TRUVIEW phone list report which identifies other inmates that used Applicant's PIN." [#28-1 at ¶ 10] No such evidence or rationale, however, is cited in the DHO Report explaining his decision. [#28-3 at 3] Nor does the record in this case include a TRUVIEW phone list reflecting multiple inmates using Applicant's pin number. Instead, the only TRUVIEW phone list in the record indicates that *Mr. Miller* utilized multiple inmates' pin numbers. [#28-3 at 9-14] That fact also is included in the DHO Report. [#28-3 at 2] It thus appears that this statement in the DHO's Declaration—that multiple inmates used Applicant's pin number—may be incorrect and that instead the DHO intended to testify that the TRUVIEW phone list reflects that Mr. Miller utilized multiple inmates' pin numbers.

[10] "The Rules Governing Section 2254 Cases in the United States District Courts are applicable to section 2241 cases." *Glaser v. Lovinger*, No. 07-CV-00843-LTB-BNB, 2008 WL 356501, at *1 n.1 (D. Colo. Feb. 7, 2008) (citing Rule 1(b)); *see also Whitmore*

an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Consistent with the Court's Order granting Applicant leave to proceed *in forma pauperis* [#4], the Court finds that Applicant financially qualifies for the appointment of counsel under 18 U.S.C. § 3006A and thus appoints counsel to represent Applicant in this matter.

IV. **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that:

(1) This matter is set for an Evidentiary Hearing regarding Applicant's Application [#1] on **December 7, 2017 at 9:00 AM**.

(2) The Clerk of Court is directed to appoint counsel to represent Applicant pursuant to 18 U.S.C. § 3006A.

(3) On or before **November 23, 2017**, the parties shall file a joint exhibit list and joint witness list for the Evidentiary Hearing with the Court. The exhibit list shall include: a sequential exhibit number, a brief description or title of the document, the party offering the exhibit, and, to the extent there is any objection, a brief statement of the basis for the objection. The witness list shall include: the name of the proposed witness, a brief statement regarding the topic(s) on which the witness will testify, the party offering the witness, the estimated length of the witness's testimony, and, to the extent there is any objection, a brief statement of the basis for the objection.

---

*v. Parker*, 484 F. App'x 227, 232 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241.").

11

DATED: October 20, 2017          BY THE COURT:

                                               s/Scott T. Varholak
                                               United States Magistrate Judge